# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0945
Filed July 22, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Napoleon Campos Jr.,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Hancock County,
The Honorable Blake H. Norman, Judge.

---

**AFFIRMED**

---

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

Pursuant to a plea agreement, Napoleon Campos Jr. pleaded guilty to lascivious acts with a child, a class "C" felony. The district court sentenced him to a term of incarceration not to exceed ten years and imposed a fine.

Campos challenges his sentence on appeal.[1] A sentence that falls within statutory limits—as Campos's sentence does—is presumed valid and "will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *See State v. Hallock*, 31 N.W.3d 36, 41 (Iowa 2026) (citation omitted).

Campos does not claim the court considered inappropriate matters. Instead, he contends the court abused its discretion because it treated mitigating factors as aggravating factors in deciding not to suspend his prison sentence.[2] So we look to the court's stated reasons for deciding to send Campos to prison instead of suspending his sentence:

> The law of Iowa requires the Court impose a sentence that best provides for the defendant's rehabilitation, protects the community, and deters others from committing this offense. In deciding a sentence, the Court has considered the following factors: The defendant's age, attitude, prior criminal record, employment, financial and family circumstances, the

---

[1] Even though Campos appeals from a guilty plea to an offense that is not a class "A" felony, *see* Iowa Code § 814.6(1)(a)(3) (2025) (limiting when a defendant may appeals as a matter of right from a guilty plea), he has established good cause to appeal because he challenges his sentence, which was neither mandatory nor agreed to as part of the plea agreement. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[2] Campos's brief makes some broad reference to the court considering improper factors. But Campos does not identify any factors the court considered that Campos claims are improper. We interpret his argument to be that the court considered proper factors but abused its discretion by improperly treating those factors as aggravating rather than mitigating.

nature of the offense, whether force was used during the offense, the recommendation of the parties, and your ability to be rehabilitated through community services.

The Court has reviewed the entirety of the presentence investigation report. I am not considering those items that were corrected or objected to. Several things stood out to me, sir, when I was reviewing your case. First off—and I think it goes without saying—the offense that you have pled guilty to, first and foremost, is what concerns me. This is not a case of a one-time incident. This is not a Romeo-Juliet type case where you both had a small age gap and were in a romantic relationship of some nature. This case involves you in a romantic relationship with a minor child's mother, and while in that relationship, you were given an opportunity to commit a sex act that you proceeded to then do, based on the statements you've made today.

It is clear, and I agree with the State, that you were in a parental role when this happened. You were in a position of trust with this individual. And this is not a simple abuse of somebody's trust. I mean, a sex act is the most intimate thing you can do with another human being, and to force yourself onto a minor child is about the worst crime that this Court gets to see, unfortunately.

*And when I look at your presentence investigation report, I don't see why this happened. You're employed. You're—have an education. You're not truly under the influence of any narcotics. I don't believe there was an allegation you were intoxicated during the offense. I do believe you have used alcohol. You have a family that is in your life, even if you don't have a close relationship with your father, I believe is what you noted. When I looked at your sexual history, frankly, it seemed normal. There was nothing that was truly outstanding that would have explained why you did this.* You did not request or provide a version of events. And I look at the recommendation of the presentence investigator and I don't see really any analysis of your situation and how they arrived at a recommendation for probation.

You're thirty-four years old, so you're not nineteen making a mistake. You understood what you did at the time you did it was wrong. Your lack of criminal history, although it is a positive factor, does not negate, in my opinion, what you did on this date when this child was thirteen.

> Therefore, I am going to find that you will be incarcerated for a period of ten years. That is an indeterminate term sentence. I will not suspend the sentence. There will be a fine of $1,370 imposed. You will be required to register as a sex offender for life. There is also a special sentence that you are committed to the custody of the Department of Corrections as if on parole for a period of life. That will begin at the completion of the sentence imposed.

(Emphasis added). Campos focuses on the emphasized portion of the court's statement of reasons. He argues that part of the court's analysis shows the court abused its discretion because it treated factors that he contends were mitigating as if they were aggravating. Assuming without deciding that the factors at issue can be sorted in binary fashion into only aggravating or mitigating buckets, we discern no abuse of discretion.

Abuse of discretion occurs when the court bases its sentencing decision on grounds or reasons that are clearly untenable or unreasonable. *State v. Wilson*, 5 N.W.3d 628, 631 (Iowa 2024). We are not persuaded by Campos's argument that the court abused its discretion. We disagree with his premise that the court treated his employment, education, lack of substance-use problems, family support, and lack of any sexual-abuse history as aggravating factors. Read in context, we interpret the court's comments as lamenting the fact that Campos committed lascivious acts on a thirteen-year-old girl when there is nothing in his background that explains his criminal conduct or lessens his responsibility for it. We do not interpret its comments as finding the noted factors to be aggravating.

At its core, Campos's argument is that the court should have weighed proper sentencing factors differently than it did. But our role is not to second guess the discretionary decision made by the district court. *State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023). Rather, it is to determine whether the

decision was clearly untenable or unreasonable. *Id.* Finding nothing clearly untenable or unreasonable about the sentence imposed here, we affirm.

**AFFIRMED.**